IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOUG S. NITEK,

Plaintiff,

v.

MICHAEL GIERBACH,

Defendants.

ORDER

23-cv-644-jdp

---

Petitioner Doug S. Nitek, without counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. I screened the petition and ordered the state to respond to certain claims but otherwise dismissed the petition. Dkt. 3.

I dismissed Nitek's claims that: (1) trial counsel provided ineffective assistance because he failed to (a) investigate and call proposed witnesses and (b) give Nitek materials allegedly necessary to perfect his appeal; and (2) appellate counsel, Dennis Schertz, provided ineffective assistance because he failed to support his no-merit report with statements from these witnesses. Nitek asks me to reconsider my dismissal of these claims. Dkt. 4. Nitek contends that: (1) Shertz failed to provide statements from the witnesses even though state law required him to; and (2) he couldn't submit affidavits from the witnesses to support his federal claims because trial counsel and Schertz failed to provide those statements.

I must evaluate Nitek's motion under Federal Rule of Civil Procedure 54(b). "The court will grant a motion under Rule 54(b) only when necessary to correct manifest errors of law or fact or to present newly discovered evidence." *Collins Bey v. Ashworth*, No. 17-cv-784-jdp, 2022 WL 522995, at *4 (W.D. Wis. Feb. 22, 2022). A manifest error of law is the "wholesale

disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

I see no error in my evaluation of Nitek's claim that trial counsel provided ineffective assistance because he failed to investigate and call the proposed witnesses. The witnesses' statements aren't in the record but, in both his state and federal petitions, Nitek described the testimony that they would have provided. As I explained, the court of appeals reasonably determined that trial counsel's failure to present this evidence wasn't deficient or prejudicial. This determination didn't turn on Nitek's failure to provide affidavits from the proposed witnesses; that was just one consideration supporting the determination that Nitek's allegations failed to suggest prejudice. *See* Dkt. 3 at 9–10. In any case, counsel's failure to obtain those statements didn't stop Nitek from seeking affidavits from them himself.

I see no error in my evaluation of Nitek's claim that trial counsel provided ineffective assistance because he failed to give him materials to perfect his appeal. In Nitek's motion, as in his federal petition, he fails to specifically describe the investigative material. If Nitek means that trial counsel failed to provide the proposed witnesses' statements, he cannot show prejudice because he described what testimony they would have provided in his state and federal petitions. Nitek's allegations that trial counsel failed to provide him with investigative material are too vague to suggest that, had counsel provided this information, the result of his appeal would have been more favorable.

I see no error in my evaluation of Nitek's claim that Schertz provided ineffective assistance because he failed to support the no-merit report with the witnesses' statements. For purposes of this motion, I will assume that Schertz performed deficiently by not including the statements in the appellate record. But, as I explained, "the record doesn't suggest that trial

2

counsel provided ineffective assistance by failing to investigate and call Nitek's proposed witnesses." Dkt. 3 at 11. So, even if Schertz deficiently failed to include these statements in the appellate record, "I cannot infer that the result of Nitek's appeal would have been more favorable." *Id.*

ORDER

IT IS ORDERED that:

1.  Petitioner Doug S. Nitek's motion for reconsideration, Dkt. 4, is DENIED.

2.  The clerk of court is directed to send Nitek a copy of this order.

Entered January 10, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge